
# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| WILLIE CALIX LEDET, JR., #82892,<br><br>Petitioner,<br><br>vs.<br><br>DWIGHT NEVEN, *et al.*,<br><br>Respondents. | 3:13-cv-00205-RCJ-VPC<br><br>ORDER |

This matter comes before the Court on a paper styled by petitioner as a motion for extension of time and/or reconsideration to allow appellant to file a notice of appeal. Neither a filing fee nor an application to proceed *in forma pauperis* was submitted with the motion.

In the motion, petitioner states that he was only recently informed by the county public defender's office by letter dated April 4, 2003, that the Supreme Court of Nevada affirmed his conviction over a year earlier in a March 7, 2012, order of affirmance. The remittitur issued on April 2, 2012. Petitioner requests "permission from this higher court to grant [him] an opportunity to file [his] 'Notice of Appeal' to this Court."

Petitioner should note the following.

*First*, petitioner may not commence a federal action without paying the filing fee or filing an application to proceed *in forma pauperis*. The Court will direct the Clerk to send petitioner the appropriate forms and instructions for seeking pauper status. If, as discussed further below, petitioner files a habeas petition, the filing fee for this action will be $5.00. If he instead files a notice of appeal, which is not a habeas petition, the filing fee will be $350.00.

*Second*, this Court is not a "higher court" with appellate jurisdiction over the Supreme Court of Nevada. If petitioner files a notice of appeal seeking to have this Court exercise appellate jurisdiction over the Supreme Court of Nevada, the action will be dismissed for lack of jurisdiction. To challenge a state court conviction in federal court, petitioner instead must file a habeas petition. The Court will direct the Clerk to send petitioner the appropriate form and instructions.

*Third*, from the papers presented, absent tolling or delayed accrual, it appears that petitioner has until June 5, 2013, within which to mail a federal habeas petition through the prison legal mail system to the Clerk for filing. Under 28 U.S.C. § 2244(d)(1)(A), the federal one-year limitation period, unless otherwise subject to tolling or delayed accrual, begins running after "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such direct review." In the present case, the limitation period, unless otherwise subject to tolling or delayed accrual, thus began running after the expiration of the time period for filing a petition for *certiorari*, *i.e.*, after June 5, 2012. Absent tolling, the one-year limitation period would expire one year later, on June 5, 2013.[1]

*Fourth*, the Court does not grant requests to extend the time to file a federal habeas petition before a petition is filed. If a petition is filed, the Court will address any timeliness issues presented either on a show-cause order or on a motion to dismiss by the respondents. The Court does not decide such issues on an incomplete record before a petition even is filed.

*Fifth*, the Court makes no holding at this time as to whether otherwise untimely claims presented in a later pleading in this action potentially may relate back to the papers currently on file. The Court is allowing petitioner an opportunity to correct the procedural deficiencies in the papers presented in order to preserve any argument, of whatever merit, that otherwise untimely claims in later pleadings relate back to the papers currently on file.

---

[1] Petitioner at all times remains responsible for correctly and accurately calculating the running of the federal limitation period as applied to his case. Nothing stated in this order reflects a conclusive holding by the Court.

-2-

*Sixth*, if petitioner wishes to pursue additional claims over and above those presented on the direct appeal to the Supreme Court of Nevada, he possibly may need to pursue those claims in additional proceedings in the state courts. Under state law, he had one year from the April 2, 2012, issuance of the remittitur to file a state post-conviction petition. While there are circumstances under which a petitioner may pursue an untimely state petition, if the state courts ultimately hold that such a state petition is barred because it is untimely, the pendency of the state petition will not statutorily toll the running of the federal one-year limitation period. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005). Further, if this federal action is dismissed, it will not toll the running of the federal limitation period as to a later federal petition. *Duncan v. Walker*, 533 U.S. 167 (2001). *See also Rhines v. Weber*, 544 U.S. 269 (2005).

IT THEREFORE IS ORDERED that petitioner shall have until **June 5, 2013**, within which to mail to the Clerk of Court through the prison legal mail system a habeas petition on the required form along with either payment of the required $5.00 filing fee for a habeas petition or a properly completed application to proceed *in forma pauperis* with all required attachments. Failure to comply both fully and timely with this order will result in this action being dismissed without further advance notice.

The Clerk of Court shall send petitioner two copies of an *in forma pauperis* application form for incarcerated persons, two copies of a noncapital § 2254 form, one copy of the instructions for each form, and one copy of the papers submitted in this matter.

DATED: This 17th day of May, 2013.

_____
ROBERT C. JONES
Chief United States District Judge